Mary T. Hone - 010891
**The Law Offices of**
**Mary T. Hone, PLLC**
11111 N. Scottsdale Road, Suite 225
Scottsdale, Arizona 85254
602-279-1900
E-Mail: mary@honelegal.com
Attorney for Plaintiffs

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>STACY WAREN GOREE and TAMICA LACHELLE GOREE,<br><br>Debtors. | (Chapter 13 Case)<br><br>No. 2:10-bk-30816-RJH<br><br>Adv. No.: 2:11-ap-00071-RJH<br><br>**COMPLAINT SEEKING NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a) and 1328(a)(2)** |
| In re:<br><br>NADALI SADEGHI and FOADI ZAHRA, husband and wife, and NIMBLE, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>STACY GOREE and TAMICA LACHELLE GOREE,<br><br>Defendants/Debtors. | |

Plaintiffs, for their complaint against Debtor Tamica Lachelle Goree (hereafter "Defendant"), allege as follows:

**Jurisdiction and Venue**

1. Plaintiffs file this Complaint pursuant to 11 U.S.C. § 523(a)(4) and Bankruptcy Rules 4007 and 7001 *et seq.* to determine the dischargeability of debt which the Defendants owe to the Plaintiff.

2. This is a Core Proceeding and the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I), 28 U.S.C. § 1334(b) and 11 U.S.C. § 523.

3.  Venue in this adversary proceeding is properly before this Court pursuant to 28 U.S.C. §1409.

**Background**

4.  On September 27, 2010, Defendants filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code, at case number 2:10-bk-30816-RJH.

5.  Plaintiffs Nadali Sadeghi and Faodi Zahra, husband and wife, are Arizona residents.

6.  Plaintiff Nimble, LLC is an Arizona limited liability company authorized to do and doing business in the State of Arizona.

7.  Defendants are, on information and belief, residents of Maricopa County, Arizona.

8.  As reflected in the bankruptcy schedules, Defendants were conducting business as STG Industrial Maintenance ("STG"), of which Defendant, Tamica Goree, according to the records of the Arizona Corporation Commission was the only member.

9.  Plaintiffs each individually signed a Limited Power of Attorney appointing Debtor Tamika (sic) Goree as their "true and lawful attorney" for the specific and limited purpose of borrowing from Serinova Financial, LLC the maximum principal sum of $50,000. True and correct copies of both Limited Powers of Attorney are attached hereto as Exhibits "A" and "B" and are incorporated herein by this reference.

10. On January 2, 2009, Defendant Tamica Goree borrowed $35,000 from Serinova Financial, LLC, evidenced by a Promissory Note (hereafter "the Note"). A true and correct copy of the Note is attached hereto and incorporated herein by this reference as Exhibit "C".

11. Defendant signed the Note as attorney in fact for Nadali Sadeghi and Zahra Foadi, husband and wife. (See Exhibit C, page 3.)

12. Tamica Goree also secured repayment of the Note with a deed of trust ("the Deed of Trust") recorded January 6, 2009 at Maricopa County Recorder's No. 2009-0010426 against Nadali Sadeghi and Zahra Foadi's residential real property at 4301 North 51st Avenue in Phoenix, Arizona (hereafter "the Property"). A true and correct copy of the recorded Deed of Trust is attached hereto and incorporated herein by this reference as Exhibit "D".

13. In addition, on January 2, 2009, Defendants/Debtors Stacy and Tamica Goree personally guaranteed repayment of the Note. A true and correct copy of the signed General Guaranty (hereafter "the Guaranty") is attached hereto and incorporated herein by this reference as Exhibit "E".

14. The right to collect pursuant to the Guaranty was assigned from Serinova Financial to Plaintiff Nimble, LLC. A true and correct copy of the assignment is attached hereto and incorporated herein by this reference as Exhibit "F".

15. According to the Guaranty, Defendants absolutely and unconditionally guaranteed the punctual and complete repayment of the $35,000 Note to Serinova. See Exhibit E, paragraph 1.

16. On November 6, 2008, Plaintiffs paid Tamica Goree, as COO of STG, the sum of $36,000 in exchange for a membership interest in STG. A true and correct copy of the receipt executed by Tamica Goree as COO for STG is attached hereto and incorporated herein by this reference as Exhibit "G".

17. On November 18, 2008, Plaintiffs loaned Tamica Goree as COO of STG the sum of $15,000. A true and correct copy of the receipt executed by Tamica Goree as COO for STG is attached hereto and incorporated herein by this reference as Exhibit "H".

**Count I**
**11 U.S.C. § 523(a)(2)(B) Fraud against Tamica Goree**

Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 17 above as though fully set forth herein.

18. Defendant Tamica Goree made material false representations to Plaintiffs in conjunction with the Limited Powers of Attorney regarding the productivity of the company, Plaintiffs' investment, repayment of the loan and repayment of the Note.

19. Defendant's representations and omissions regarding the productivity of the company, the investment itself, repayment of the loan and repayment of the Note were false.

20. Defendants' representations and omissions were material to the transaction.

21. Defendant knew the representations and omissions were false.

22. Defendant intended to deceive Plaintiffs in order to induce Plaintiffs to sign the Limited Powers of Attorney and to induce Plaintiffs to invest in the company and to loan money to Defendant and to Defendant's company.

23. The Defendant benefited as a result of the false information.

24 Defendant knew the information to be false and intended that Plaintiffs rely on it.

25. Plaintiffs relied on Defendant's false representations and signed the Limited Powers of Attorney, invested in the company and made loans to the company.

26. Plaintiffs would not have signed the Limited Powers of Attorney or invested funds or loaned money to the company if the true facts had been revealed by Defendant.

27. Plaintiffs' loss and damage are a direct result of the false representations made by the Defendant.

28. The indebtedness of Defendant to Plaintiffs as reflected hereinabove is excepted from a bankruptcy discharge pursuant to 11 U.S.C. §523(a) (2).

**Count II**
**11 U.S.C. § 523(a)(4) Fraud While Acting in a Fiduciary Capacity**

Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

29. Defendant was a fiduciary of STG.

30. While acting in a fiduciary capacity, upon information and belief, Defendant intentionally diverted Plaintiffs' investments in the company to her own personal use.

31. Defendant's diversion of funds was fraudulent.

32. Plaintiffs' loss and damage are a direct result of Defendant's fraudulent actions while a fiduciary of STG.

33. The indebtedness of Defendant doing business as STG to Plaintiffs as reflected hereinabove is excepted from discharge pursuant to 11 U.S.C. §523(a) (4).

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment:

a) against Defendant for the amounts remaining due under the Note and Guaranty;

b) establishing that the debt of Defendant to Plaintiffs is not dischargeable in the bankruptcy pursuant to 11 U.S.C. §523(a)(2);

c) for Plaintiffs' attorney's fees and costs incurred herein pursuant to the Note and the Guaranty;

d) for interest on the judgment at the rate of 10% per annum; and

e) for such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this ___10th___ day of January, 2011.

**THE LAW OFFICES OF MARY T. HONE, PLLC**

By___/s/___*Mary T. Hone - 010891*_____
    Mary T. Hone
    Attorney for Plaintiffs